## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sergio Leon-Ramirez, | ) C/A No. 0:09-2593-HFF-PJG |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| Mary M. Mitchell, Warden, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

The petitioner, Sergio Leon-Ramirez ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241. This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Petitioner is currently incarcerated at FCI-Edgefield in Edgefield, South Carolina. Review of Petitioner's background in the federal courts discloses that he pled guilty to robbery, firearm, and immigration-related charges in the Middle District of North Carolina in 2006. See St. Louis Baptist Temple, Inc. v. FDIC., 605 F.2d 1169, 1172 (10th Cir. 1979) (federal courts may take judicial notice of proceedings in other courts if those proceedings have a direct relation to matters at issue); U.S. ex rel. Geisler v. Walters, 510 F.2d 887 (3rd Cir. 1975) (same); Rhodes v. Houston, 309 F.2d 959 (8th Cir. 1963) (same). He was sentenced on the plea on June 29, 2006. U.S. v. Leon-Ramirez, Criminal Action No. 1:05-cr-183-JAB-3 (M.D.N.C.). His direct appeal resulted in an affirmance, which was docketed in the sentencing court on October 1, 2007. U.S. v. Leon-Ramirez, Appeal no. 06-4676 (4th Cir. Sept. 5, 2007). Petitioner's initial § 2255 motion to vacate was filed in the sentencing court on September 18, 2008 and appears to be still pending. The last notation on the

sentencing court's docket indicates that the motion was referred to a magistrate judge for consideration and a recommendation on September 9, 2009.

Petitioner now files this § 2241 Petition, claiming that he is "not challenging his sentence . . . is not challenging a determination of guilt or innocence of the charge [on which he was convicted] . . . ." He claims "to the contrary, [he] is challenging the validity of the sentencing court Judge to issue an order and Judgement against Petitioner. . . ." The grounds raised in the Petition filed in this case are striking similar, if not identical, to the grounds asserted in the § 2255 motion currently pending in the sentencing court. Essentially, he claims that his plea was involuntary and that his 4th, 6th, 8th, and 14th amendment rights were violated when he entered his plea because his counsel did not advise him that there was insufficient evidence to prove his involvement in the robbery, and because his counsel did not clearly explain to him all the elements of the charges to which he pled guilty. Petitioner does not make any claim that the § 2255 remedy is inadequate or ineffective to test the claims of ineffective assistance of counsel that he seeks to raise.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the procedural provisions of 28 U.S.C. § 1915; the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; and the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*).

This court is required to construe *pro se* petitions liberally. *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Fine v. City of N.Y., 529 F.2d 70, 74 (2d Cir. 1975).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

The petition for writ of habeas corpus under 28 U.S.C. § 2241 in this case should be dismissed because all of Petitioner's claims are cognizable only under 28 U.S.C. § 2255, not under 28 U.S.C. § 2241, and Petitioner has not shown that his is an

PJG

exceptional case in which the § 2255 remedy is inadequate or ineffective. By filing this § 2241 Petition and raising closely similar claims to those currently pending before the sentencing court under his § 2255 motion, Petitioner is improperly attempting to circumvent the statutory framework clearly established by Congress for the consideration of such claims.

Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997). In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. In doing so, Congress did not completely foreclose the use of § 2241 as a remedy for federal prisoners. Section 2241 remains an option whenever a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention. See In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). Since the passage of § 2255, § 2241 has been resorted to and found to be a valid means of court review only in limited situations, none of which are present in this case. For example, it has been found available in actions challenging the administration of parole, see Doganiere v. United States, 914 F.2d 165, 169-70 (9th Cir. 1990); computation of good time or jail time credits, see McClain v. United States Bureau of Prisons, 9 F.3d 503, 504-05(6th Cir. 1993); prison disciplinary actions, see United States v. Harris, 12 F.3d 735, 736 (7th Cir. 1994); or imprisonment allegedly beyond the expiration of a sentence. See Atehortua v. Kindt, 951 F.2d 126, 129-30 (7th Cir. 1991). Essentially, § 2241 is an appropriate basis for a habeas petition where a prisoner challenges the execution of his/her sentence, but it is not generally available where the underlying validity of the

PJG

conviction and sentence is being challenged.  See Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases from other circuits).  According to at least one court, "a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255."  Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994).  A petition for a writ of habeas corpus under § 2241, in contrast to a motion under § 2255, is the remedy to challenge federal confinement that is not pursuant to a sentence of a federal court, the unlawful execution of a valid sentence, or confinement beyond its term.  See Atehortua v. Kindt, 951 F.2d at 129-30.

Regardless of his contentions otherwise, Petitioner's allegations about a possibly inadequate plea colloquy, insufficient evidence of guilt, and ineffective assistance of counsel all go to the underlying validity of his convictions and sentences rather than to the manner of execution of the sentence.  Such matters are not properly considered under § 2241 unless Petitioner can come within the "savings clause" of § 2255 by showing that this is an exceptional case where 28 U.S.C. § 2255 is neither an adequate nor effective remedy for those issues.  See In re Vial, 115 F.3d 1192 (4th Cir. 1977); Tanksley v. Warden, No. 99-4391, 2000 WL 1140751(6th Cir. Aug. 08, 2000) (unpublished opinion); Ward v. Snyder, No. 00-5191, 2000 WL 1871725 (6th Cir. Dec. 12, 2000) (unpublished opinion); Gonzales v. Snyder, No. 00-1095, 2000 WL 636908 (8th Cir. May 18, 2000) (same); Elzie v. Pugh, No. 99-1002, 1999 WL 734453 (10th Cir. Sept. 21, 1999) (same); Onaghise v. Bailey, No. 98-17174, 1999 WL 613461 (9th Cir. Aug. 12, 1999) (same). Petitioner does not even mention anything about the § 2255 motion he has currently

pending before the sentencing court, nor does he claim that the § 2255 remedy is in any way ineffective or inadequate.

This court cannot overrule the Middle District of North Carolina or the First Circuit Court of Appeals.  Petitioner's attempt to pursue a § 2241 petition in this court before he even exhausts still available and appropriate statutory procedures to have his arguments considered in the proper forum indicates that his current § 2241 Petition was filed in an attempt to circumvent the requirements of the Anti-Terrorism and Effective Death Penalty Act of 1996, commonly referred to as the AEDPA.[1]

## RECOMMENDATION

Accordingly, the court recommends that the petition for a writ of habeas corpus in this case be dismissed without prejudice and without issuance and service of process upon Respondent.  See Toney v. Gammon, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).

October 23, 2009
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*Petitioner's attention is directed to the important notice on the next page.*

---

[1] The AEDPA made many changes to prior practice in federal habeas corpus actions and created the current statutory rules regarding the timing, filing, and consideration of habeas corpus cases, including cases filed under either § 2255, § 2241, or § 2254.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).